MICHAEL BAILEY
United States Attorney
District of Arizona
JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
Email: Jacqueline.Schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-19-50194-001-PHX-MTL |
| Plaintiff, | |
| v. | **UNITED STATES' DISPOSITION MEMORANDUM AND RESPONSE TO DEFENDANT'S OBJECTION TO CONSIDERATION OF OUTSTANDING ALLEGATIONS** |
| Mitchell Allen Mincks, | |
| Defendant. | |

For the Court's consideration, the United States of America, through undersigned counsel, submits this disposition memorandum and response to Defendant Mincks' objection to consideration of the outstanding allegations in the petition to revoke supervised release.

**PROCEDURAL HISTORY:**

For the crime of possession of a firearm by a prohibited person, on December 27, 2017, Defendant Mincks was sentenced 30 months incarceration and 36 months of supervised release.  Supervised release began on June 14, 2019.  On or about, October 22, 2019, Defendant's supervised release supervision responsibilities were officially transferred to the District of Arizona[1] from the Northern District of Iowa. (Doc. 1.)  On or about April 1, 2020, the probation office advised the Court of Defendant Mincks' numerous violations of the conditions of his supervised release. (Doc. 2.)  Defendant was arrested for

---

[1] The District of Arizona was supervising Defendant Mincks as a "courtesy" prior to the official transfer.

the violations of his supervised release, on April 28, 2020 (Doc. 5.)  Subsequently, the probation office filed a superseding petition, on July 7, 2020 (Doc. 11.)  On July 17, 2020, Defendant Mincks admitted to violating mandatory condition #3 of his supervised release, which is Allegation B 2. of the superseding petition to revoke, a Grade C violation.[2] (Doc. 14.) Defendant is before this Court for his Disposition Hearing, currently scheduled for September 3, 2020.

**LAW:**

Imposition of a term of supervised release and conditions are set forth in the United States Sentencing Guidelines ("U.S.S.G.") Sections 5D1.1, 1.2, and 1.3.  Violations, revocations, and terms of imprisonment are set out in U.S.S.G. §§ 7B1.1, 1.2, 1.31.4, and 1.5.  When an offender violates the conditions of his supervised release, the court engages in the 3-step process of (1) determining that the defendant has violated a condition of supervised release, (2) finding that revocation of supervised release is appropriate, and (3) imposing a penalty. As part of its finding that revocation is appropriate, the court must consider the statutory sentencing factors set forth at 18 U.S.C. § 3553(a).  *United States v. Thornhill*, 759 F.3d 299 (Third Cir. 2014).

Pursuant to Title 18 United States Code ("U.S.C.") Section 3583(e)(3), the Court can revoke supervised release.  In doing so, the Court may consider U.S.C. 18 § 3553(a) factors, including but not limited to:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed —

    (B)     to afford adequate deterrence to criminal conduct;
    (C)     to protect the public from further crimes of the defendant; and
    (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

---

[2] The period of incarceration for a Grade C violation, with a criminal history category III, is up to 24 months incarceration pursuant to the statutory provision; the United States Sentencing Guideline is a 5-11 months range of incarceration.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(6)     the need to avoid unwarranted sentence disparities.

18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), and (a)(6)).  When imposing a term of supervised release, the sentencing court only needs to "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority."  *Rita v. United States,* 551 U.S. 338, 356 (2007)).

Defendant erroneously asserts this Court should only consider allegations that have been proven by a preponderance of the evidence.  (Doc. 22.)  That is the burden of proof for allegations at a revocation hearing, not what can be considered at disposition.  In support of his position, Defendant Mincks cites *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) and *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007).  Those cases make clear the court cannot consider 18 U.S.C. § 3553(a)(2)(**A**), which the government is not asking this Court to do.

In fact, the Simtob court stated, "We take this opportunity to clarify the directives set forth in *Miqbel.* Contrary to Simtob's contention, we did not set forth a blanket proposition that a court in no circumstances may consider the seriousness of the criminal offense underlying the revocation. The seriousness of the offense underlying the revocation, though not a focal point of the inquiry, may be considered to a lesser degree as part of the criminal history of the violator.   As the United States Sentencing Guidelines Manual indicates in Ch.7, Pt. A(3)(b), "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the *seriousness of the underlying violation* and the *criminal history of the violator.*" (emphasis added). 18 U.S.C. § 3583(e) specifically directs sentencing courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as set forth in 18 U.S.C. § 3553(a)(1)."  *Id.* at 1062.

Defendant cites *United States v. McGowen*, 668 F.3d 601 (9th Cir. 2012) in support of his position regarding due process.  That court made it clear that the burden was on the

defendant to show that allegations of a jailhouse informant were "(1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Vanderwerfhorst,* 576 F.3d 929, 935–36 (9th Cir.2009) (quoting *United States v. Ibarra,* 737 F.2d 825, 827 (9th Cir.1984)).  *Id*. at 606.  The *McGowen* case is both factually and procedurally different from the present case.

On point, in *United States v. Fleming*, 254 F. App'x 677, 678 (9th Cir. 2007), the court disagreed with appellant's contention that the district court erred by improperly considering uncharged conduct and dismissed allegations in imposing a sentence at the high end of the sentencing guidelines policy range.  The *Fleming* court further found the sentence imposed by district court was not unreasonable, pursuant to *Miqbel*.  In *United States v. Kane*, 608 F. App'x 502, 503 (9th Cir. 2015), the court found that the government did not breach its agreement by <u>discussing</u> the dismissed allegations at sentencing, because the government complied with its obligation of dismissing the remaining allegations against the defendant at his sentencing hearing.

The law clearly allows the Court to consider all of the factors set forth in 18 U.S.C. §§ 3553(a) and 3583, which includes consideration of the allegations in the petition to revoke that the government will move to dismiss at the conclusion of the disposition.  To the extent this Court considers the new crimes Defendant Mincks is alleged to have committed, those should be considered as a breach of the court's trust.  *See* U.S.S.G. § Ch.7 Part A, 3. (b).

**RECOMMENDATION:**

In the Disposition Report, Probation Officer Amanda Heinbaugh recommends Defendant Mincks be sentenced to a terminal disposition and 24 months incarceration. (Doc. 16.)  The government has reviewed the Disposition Report and concurs with the recommendation therein.  The Disposition Report sets out Defendant Mincks' mostly unsatisfactory performance while on supervision, including his violations of five separate supervised release conditions, which began within weeks of supervision commencing. Defendant Mincks' violations include unlawful use of marijuana on three occasions (the

allegation to which he admitted); unlawful use of methamphetamine; failure to report for drug testing on four occasions; failure to live at a place approved by his probation officer; failure to obtain the approval of his probation officer prior to leaving the jurisdiction; committing the new crime of possession of marijuana and drug paraphernalia on July 24, 2019; and multiple new crimes on April 19-20, 2020, including theft, taking the identity of another, burglary, misconduct involving weapons, tampering with evidence, and two counts of first degree murder.

This is Defendant Mincks' first violation of supervised release.  While it is not routine for a terminal recommendation to be submitted for a first violation, such a recommendation is made when a supervisee has proven to be unwilling to abide by conditions and participate in the supervision program.  In the present case, from the onset of supervised release, Defendant Mincks has not been amenable to supervision.  Further, it is customary for the government to recommend a period of incarceration greater than the guideline range, up to the statutory maximum, when a terminal disposition is contemplated.

The probation department advised undersigned counsel that even had Defendant Mincks not been charged with two counts of murder, probation would have recommended a terminal disposition due to his noncompliance.  The probation department also advised that it routinely recommends the statutory maximum sentence in a terminal disposition.

Upon examining the relevant factors set forth in § 3553(a), a sentence of 24 months constitutes a fair and just sentence, which is sufficient but not greater than necessary.

Nature and Circumstances of the Offense

First, 18 U.S.C. § 3553(a)(1) requires courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence.  The nature and circumstances of the offense, when balanced with the history and characteristics of Defendant Mincks call for a sentence of 24 months incarceration.  Mincks was placed on supervised release following his 2017 conviction for possession of a firearm by a prohibited person.  The facts of that case involve Defendant Mincks possessing a loaded stolen firearm; giving the police a false name when confronted;

and being in a car with rubber and leather gloves, zip ties, a stocking hat with eyeholes cut into it, and a bandana tied up like a mask. (Doc. 6, pages 44-45.)  Defendant Mincks had two previous felony convictions for burglary and harassment.  (Doc. 6, pages 48-49.) Coupling Defendant Mincks' criminal history with his largely unsatisfactory performance while on supervision, which began virtually immediately, a 24-month sentence is appropriate.

Afford Adequate Deterrence to Criminal Conduct

Second, pursuant to 18 U.S.C. § 3553(a)(2)(B), the sentence must "afford adequate deterrence to criminal conduct."  A sentence of 30 months in the underlying offense did not defer Defendant Mincks from violating his supervised release and breaching the trust of the court.  The government recommends a sentence of 24 months incarceration, in the hopes that will be adequate to deter him from committing future crimes.

Protect the Public from Further Crimes of the Defendant

Third, pursuant to 18 U.S.C. § 3553(a)(2)(C), the court should consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. Defendant Mincks has prior convictions putting him in criminal history category III. Defendant committed multiple violations of his supervised release.  There is a need to protect the public from such behavior.

Provide the Defendant with Needed Correctional Treatment

Fourth, pursuant to 18 U.S.C. § 3553(a)(2)(D), the court must consider the need for the sentence imposed to provide a defendant with needed correctional treatment in the most effective manner.   From the multiple positive urinalysis tests and his failure to report for drug treatment, it appears Defendant Mincks is in need of drug treatment, and perhaps he can receive that while incarcerated.

Unwarranted Sentence Disparities

Fifth, pursuant to 18 U.S.C. § 3553(a)(6), the court must consider the need to avoid unwarranted sentence disparities.  As stated, it is common for the probation department to

recommend a statutory maximum sentence for defendants who receive a terminal disposition.

The government concurs with the recommendation made by the probation department. When considering all of the allegations in the petition to revoke (which is legally permitted) and applying all relevant factors, a sentence of 24 months is appropriate.

**DEFENDANT'S POSITION:**

Defendant argues that he should be sentenced to a time served sentence because he is facing a life sentence, or more, due to the state charges he is facing. (Doc. 17.) As of disposition, Defendant Mincks will have approximately 128 days in custody, or approximately four months. The applicable sentencing guideline range is 5-11 months. Even if Defendant Mincks were not facing a terminal disposition, it would be entirely inappropriate to impose a below guidelines range period of incarceration.

Defendant Mincks also asserts that since he has not admitted to the allegations from the petition that will ultimately be dismissed, the Court should not consider those allegations. Defendant is wrong. As stated above, the case law, the U.S.S.G., and 18 U.S.C. § 3583 allows the Court to consider the factors in 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), and (a)(6) when determining the appropriate sentence.

The government asserts that Defendant Mincks' positions are inherently inconsistent. On one hand he asserts the Court should impose a time served sentence because of the ultimate state sentence he may receive; yet, on the other hand, Defendant argues the Court should not impose a lengthy period of incarceration based on the allegations that will be dismissed, which are based on those very state charges.

Further, the Defendant Mincks has violated the trust of the federal court and this Court has an interest in holding defendant responsible for his violation of federal supervision. Moreover, Defendant Mincks has not been convicted for his state crimes, let alone sentenced. As Defendant himself points out, he is presumed innocent. Imagine if this Court were to impose a sentence less than appropriate on the assumption that Defendant Mincks will ultimately serve a lengthy state sentence, but then he were not

convicted.  Then, this Court would have not met the federal goals of sentencing, and Defendant will not have been held accountable for breaching the trust of the court by violating his federal supervision.

**CONCLUSION:**

Defendant Mincks violated several conditions of his supervised release within a short time of it beginning.  Defendant not only disregarded the instructions of the probation officer, but he violated the trust of this Court.  For all of the reasons set forth, the United States concurs with the recommendation in the Disposition Report, and recommends Defendant Mincks be sentenced to 24 months incarceration.  This disposition is sufficient, but not greater than necessary to comply with 18 U.S.C. §§ 3553(a) and 3583.

Respectfully submitted this 26th day of August, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kristen Whitaker
*Attorney for Mitchell Allen Mincks*

*s/Heidi M. Kinwald*
U.S. Attorney's Office

- 8 -